**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradford Lowell Drake,<br><br>        Plaintiff,<br><br>v.<br><br>County of Pima, et al.,<br><br>        Defendants. | No. CV-24-00246-TUC-JGZ<br><br>**ORDER** |

On May 15, 2024, Plaintiff filed a pro se Complaint alleging age discrimination in violation of the Age Discrimination Employment Act of 1967 (ADEA),[1] race and gender discrimination in violation of Title VII of the 1964 Civil Rights Act (Title VII), and violations of his Eighth and Fourteenth Amendment constitutional rights. (Doc. 1.) For the following reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. The Court will grant Plaintiff leave to amend his Complaint.

**I.**  **Statutory Screening of IFP Complaint**

Plaintiff is proceedings in Forma Pauperis. (Doc. 2, 7.) In reviewing an in forma pauperis complaint, the Court must dismiss the case if the court determines that the

---

[1] Plaintiff states that the basis for his age discrimination claim is Title VII of the 1964 Civil Rights Act. However, age discrimination is not covered by Title VII, but by a separate law, the Age Discrimination in Employment Act. *See* 42 U.S.C.A. § 2000e *et seq*.; 29 U.S.C. §§ 621 *et seq*. Therefore, the Court will analyze Plaintiff's claim of age discrimination under the Age Discrimination in Employment Act of 1967.

complaint "fails to state a claim on which relief may be granted." 28 U.S.C. 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). District Court screening orders apply the same standard as applied to a Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**II.     Complaint**

Plaintiff alleges Defendants Pima County and Cathy Bohland: (1) discriminated against Plaintiff based on age in violation of the Age Discrimination Employment Act of 1967; (2) discriminated against Plaintiff based on race and gender in violation of Title VII of the Civil Rights Act of 1964; (3) violated Plaintiff's Fourteenth Amendment constitutional right; and (4) imposed an employment ban against Plaintiff in violation of his Eighth Amendment constitutional right. (Doc. 1 at 4.) The Court will dismiss Plaintiff's Complaint for failure to state a claim.

In his Complaint, Plaintiff alleges that he interviewed for a job as a wastewater lab technician with Pima County about eight times between October 2015 and July 2021. (*Id.*) He "answered science-water lab questions" during each interview and presented himself "with short/combed hair and a white shirt/tie." (*Id.*) Plaintiff alleges that Pima County "denied [him] employment without any fair reason." (*Id.*) He asserts that he was not hired

because is a white male over the age of sixty. (*Id.*) In support of his claims, Plaintiff states that the private investigator he hired discovered that "Pima County hired no one over 60 years of age and hired mostly Hispanics, Asians, [and] Native American Indians." (*Id.*) Plaintiff states "very few white Caucasians were hired, mostly women." (*Id.*) Plaintiff alleges that Defendant Bohland violated his Eighth Amendment right after she "imposed a 3-year employment ban on Plaintiff for using words 'hell, evil, power-mad' in one email and one voicemail sent to personnel." (*Id.*)

### III.   Discussion

Plaintiff does not plausibly allege that Defendants discriminated against him based on age, race, or gender. To state a plausible claim for unlawful employment discrimination where an employer fails to hire an employee, plaintiff must either (1) provide direct evidence suggesting that the employment decision was made based on an impermissible criterion, or (2) meet the four-part *McDonnell Douglas* test for circumstantial evidence.[2] *See EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009). That four-part test requires Plaintiff to demonstrate that: (1) he belongs to a class of protected persons; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) similarly situated individuals outside his protected class were treated more favorably, or that, after his rejection, the position remained open and the employer continued to seek applicants from persons of Plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Plaintiff does not allege facts suggesting direct or circumstantial evidence of employment discrimination. Under the *McDonnell Douglas* test, Plaintiff satisfies only the first prong: Plaintiff's assertion that he is a white male over sixty years of age is sufficient to suggest that he belongs to a protected class. However, Plaintiff fails to assert any facts suggesting that he was (1) qualified for the position, (2) rejected despite his qualifications, and (3) that similarly situated individuals outside his protected class were treated more

---

[2] The Court applies the same analysis to claims brought under Title VII and ADEA. *See Shelley v. Geren*, 666 F.3d 599, 607 (9th Cir. 2012) ("[T]he evidentiary framework of *McDonnell Douglas* utilized in Title VII cases is appropriate in the ADEA context.").

favorably. *See McDonnell Douglas Corp.*, 411 U.S. at 802. First, with respect to his qualifications, Plaintiff asserts only that he "answered science-water lab questions." (Doc. 1 at 4.) This assertion is not sufficient to show that he was qualified for the position. As such, Plaintiff does not plausibly allege that his employment application was rejected *despite his qualifications.* Second, while Plaintiff asserts that "Pima County hired no one over 60 years of age," (Doc. 1 at 4), Plaintiff does not assert that younger candidates with *similar qualifications* were treated more favorably. Similarly, while Plaintiff alleges that "Pima County hired mostly Hispanics, Asians, [and] Native American Indians" and that Caucasians hired were "mostly women," (Doc. 1 at 4), he does not assert that female candidates, or non-white candidates, with *similar qualifications* were treated more favorably. Finally, Plaintiff fails to allege that the position remained open after his application was rejected or that the position was filled by someone who was less qualified. Therefore, Plaintiff has not plausibly alleged that Defendants discriminated against him based on his age, race, or gender.

Plaintiff does not plausibly allege that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment prohibits state and federal governments from imposing unduly harsh penalties on criminal defendants before and after a conviction. *See* U.S. Const. amend. VIII. Plaintiff asserts that the "three-year employment ban" imposed against him by Defendants violates his Eighth Amendment constitutional right. (Doc. 1 at 4.) Because Plaintiff is not a criminal defendant, the prohibition against cruel and unusual punishment does not apply.

Plaintiff does not plausibly allege that Defendants violated his Fourteenth Amendment right to due process. As an initial matter, Plaintiff does not state whether he is alleging a substantive due process violation or a procedural due process violation. To state a valid substantive due process claim, the plaintiff must sufficiently allege: (1) a "valid property interest" or "fundamental right"; and (2) that the defendant infringed on that right by conduct that "shocks the conscience" or suggests a "gross abuse of governmental authority." *Leder v. Am. Traffic Sols., Inc.,* 81 F. Supp. 3d 211, 223 (E.D.N.Y.), aff'd, 630 F. App'x 61 (2d Cir. 2015). A procedural due process claim has two elements: (1)

deprivation of a constitutionally protected liberty or property interest and (2) denial of adequate procedural protections. *See McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002); *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). For both substantive and procedural due process claims brought under the Fourteenth Amendment a plaintiff must initially demonstrate the existence of a protectable property interest. *Paciulan v. George*, 229 F.3d 1226, 1230 (9th Cir. 2000). Though Plaintiff states that the Due Process Clause of the Fourteenth Amendment is at issue in this case, (Doc. 1 at 3), he provides no legal or factual support suggesting that Defendants violated his Fourteenth Amendment right. (*Id.* at 4). Plaintiff does not allege any facts suggesting the existence of a protectable property interest. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

### IV.    Leave to Amend

The Court finds that dismissal with leave to amend is appropriate. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute as stated in *Akhtar v. Mesa*, 698 F.3d 1202 (2012) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal to permit Plaintiff to make an intelligent decision whether to file an Amended Complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). Furthermore, Plaintiff is advised that all causes of action alleged in the original Complaint which are not alleged in any Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

Any Amended Complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. An Amended Complaint must be clearly designated as an Amended Complaint on the face of the document and formatted in compliance with L.R.Civ 7.1. Plaintiff is advised that if an Amended Complaint fails to state a claim upon which relief can be granted, the Court will likely dismiss this action. Additionally, Plaintiff is advised that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may

dismiss action for failure to comply with any order of the Court).

### V. Notice regarding resources for self-represented litigants

Plaintiff is advised of resources available to self-represented parties on the District Court website at https://www.azd.uscourts.gov/proceeding-without-attorney-0. Notably, the webpage contains: (1) a Handbook for Self-Represented Litigants at https://publicapps.azd.uscourts.gov/prose-survey/; (2) the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Arizona (also known as the Local Rules of Civil Procedure, Local Rules, or LRCiv); and (3) information about accessing free civil legal help with an attorney through Step Up To Justice at https://www.azd.uscourts.gov/federal-court-advice-only-clinic-tucson.

**IT IS ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **dismissed** without prejudice, with leave to amend. Plaintiff has **thirty (30) days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

2. If Plaintiff fails to file a first amended complaint within thirty (30) days of the filing date of this Order, the Clerk of the Court is directed to enter a judgment of dismissal, without prejudice, without further notice to Plaintiff.

Dated this 24th day of June, 2024.

Jennifer G. Zipps
United States District Judge