**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradford Lowell Drake,<br><br>Plaintiff,<br><br>v.<br><br>County of Pima, et al.,<br><br>Defendants. | No. CV-24-00246-TUC-JGZ<br><br>**ORDER** |

On May 15, 2024, Plaintiff Drake filed a pro se Complaint alleging that Defendants Pima County and Cathy Bohland discriminated against him by failing to hire him based on his age, race, and gender. (Doc. 1.) The Court dismissed Plaintiff's Complaint for failure to state a claim upon which relief may be granted. (Doc. 8.) On June 26, 2024, Plaintiff filed an amended Complaint. (Doc. 9.) For the following reasons, the Court will dismiss Plaintiff's Complaint and deny Plaintiff leave to amend.

**I.   Statutory Screening of IFP Complaint**

Plaintiff is proceeding in Forma Pauperis. (Doc. 2, 7.) In reviewing an in forma pauperis complaint, the Court must dismiss the case if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). District court screening orders apply the same standard as applied to a Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**II.    Complaint**

Plaintiff alleges that Defendants Pima County and Cathy Bohland: (1) discriminated against him based on age in violation of the Age Discrimination Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 to 634; (2) discriminated against him based on race, national origin, and gender/sex in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e; (3) retaliated against him in violation of ADEA and Title VII; (4) violated his Fourteenth Amendment constitutional right to Due Process, U.S. Const. amend. XIV; (5) violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment, U.S. Const. amend. VIII; and (6) violated his Seventh Amendment constitutional right to a jury trial, U.S. Const. amend. VII. (Doc. 9 at 3.)

Plaintiff claims that he was not hired as a Wastewater Laboratory Technician because he is a Caucasian male of European descent over the age of sixty-five. (Doc. 9 at 5; Doc. 9-1 at 1.) In support of his claim, Plaintiff states he interviewed for a job as a Wastewater Laboratory Technician at the Agua Nueva wastewater plant in Pima County in June and July 2021. (Doc. 9 at 5; Doc. 9-1 at 1.) Plaintiff states he "was (and still is) highly qualified for this job," (Doc. 9-1 at 1), and that he "correctly answered ALL interview questions" (Doc. 9 at 5). Plaintiff states, "he noticed the surnames of other applicants who interviewed before and after him" and "the surnames related to Hispanics,

Asians and native American Indians." (Doc. 9 at 5; Doc. 9-1 at 1.) Plaintiff received a denial of employment with no reasons listed. (Doc. 9 at 5.) Plaintiff states he "hire[d] a private investigator . . . who discovered the actual people hired were in the groups younger than 65 years, Hispanic, Asian, and Native American Indian." (Doc. 9-1 at 1.) Plaintiff asserts that he belongs to "two protected groups (over 65 years AGE) and Caucasian-white male. Both of which are MINORITY groups in Pima county." (*Id.*)

Plaintiff admits that he used the word "hell" in an email sent to Defendant Bohland in July 2021, which resulted in a two-year "employment ban" against him. (Doc. 9 at 6.) The "employment ban" was extended to three years after Plaintiff used the words "evil/power-mad" in a voicemail sent to Defendant Bohland. (*Id.*) Plaintiff states that he sent Defendant Bohland an email "about July 20, 2023 apologizing for use of word 'hell'" and "ask[ing] politely if the defendant would kindly reinstate him to normal job application status." (Doc. 9-3 at 1.) Defendant Bohland "totally ignored the emails and phone calls from plaintiff." (Doc. 9-3 at 1.) Plaintiff also applied for a Wastewater Chemist position at the Agua Nueva wastewater plant in 2023 and received no response. (*Id.*) Plaintiff seeks $120,000 in damages. (Doc. 9 at 6.)

**III. Discussion**

 **A. Plaintiff's Complaint**

  **i. Discrimination Claim**

Plaintiff does not plausibly allege that Defendants discriminated against him based on age, race, national origin, or gender/sex. To state a plausible claim for unlawful employment discrimination where an employer fails to hire an employee, plaintiff must demonstrate that: (1) he belongs to a class of protected persons; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) similarly situated individuals outside his protected class were treated more favorably, or that, after his rejection, the position remained open and the employer continued to seek applicants from persons of Plaintiff's qualifications.[1]

---

[1] The Court applies the same analysis to claims brought under Title VII and ADEA. *See Shelley v. Geren*, 666 F.3d 599, 607 (9th Cir. 2012) ("[T]he evidentiary framework of

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Plaintiff plausibly alleges that he belongs to a class of protected persons. Plaintiff states that he is a Caucasian male of European descent over sixty-five years of age. (Doc. 9 at 5.) Plaintiff plausibly alleges that he was qualified for the position of Wastewater Laboratory Technician. (Doc. 9 at 5; Docs. 9-5–9-7.) The application for the position stated the minimum requirement was a "Bachelor's degree from an accredited college or university in chemistry, biology, microbiology or a closely related field as defined by the appointing authority." (Doc. 9-4 at 2.) As demonstrated by his resume, Plaintiff received his Master of Science from University of Michigan-Dearborn in chemistry and previously held positions as an analytical chemist and lab technician. (Doc. 9-5 at 1-2.) Plaintiff plausibly alleges that despite his qualifications, he was rejected for the Wastewater Laboratory Technician position. (Doc. 9 at 5; Doc. 9-1 at 1; Doc. 9-8.) However, Plaintiff fails to plausibly allege that *similarly situated* individuals outside his protected class were *treated more favorably*. *McDonnell Douglas Corp.,* 411 U.S. at 802 (emphasis added). Plaintiff states that when he interviewed at the Agua Nueva water plant, he "happened to notice 3 surnames on the guest sign-in sheet . . . and those surnames were Hispanic & Asian." (Doc. 9-1 at 1.) Notwithstanding the fact that a surname is not proof of an individual's racial identity or national origin, Plaintiff fails to plausibly alleged that the individuals listed on the guest sign-in sheet at the Agua Nueva wastewater plant were (1) interviewing for the same position as Plaintiff, if at all, (2) "similarly situated" to the Plaintiff with respect to their qualifications, or (3) "treated more favorably" than Plaintiff. Plaintiff says nothing of the other candidates' qualifications. Further, it is unclear whether the position was filled, who filled the position, or whether the position remained open after Plaintiff's application was rejected. The private investigator's statement that Pima County hired candidates "younger than 65 years, Hispanic, Asian, and Native American Indian" is insufficient to plausibly establish that a lesser qualified candidate outside of Plaintiff's protected class was hired for the role for which Plaintiff was rejected. Therefore, Plaintiff

---

*McDonnell Douglas* utilized in Title VII cases is appropriate in the ADEA context.").

has not plausibly alleged that Defendants discriminated against him based on his age, race, national origin, or gender/sex.

### ii. Retaliation Claim

Plaintiff does not plausibly allege that Defendants retaliated against him in violation of ADEA or Title VII. To establish prima facie case of retaliation under either Title VII or ADEA, a plaintiff must show (1) engagement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (Title VII); *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007) (ADEA). As relevant here, a plaintiff engages in "protected activity" when he (1) opposes employment practices prohibited under Title VII; (2) makes a charge of discrimination; or (3) participates in an investigation, proceeding or hearing arising under Title VII. *Jacobs v. Hudson Valley Fam. Physicians, PLLC*, No. 1:22-CV-1184, 2024 WL 1200002, at *7 (N.D.N.Y. Mar. 20, 2024) (cleaned up).

Plaintiff's allegations do not describe protected activity on his part. Plaintiff admits to sending an email and voicemail to Defendant Bohland. (Doc. 9 at 6.) He alleges that, in response, Defendant Bohland imposed a 3-year employment ban "and ignored communication from Plaintiff July 15-Sept 2023 when he was applying for wastewater chemist job." (*Id.*) Plaintiff's inappropriate communications to Defendant Bohland do not constitute opposition to employment practices prohibited under Title VII or the ADEA. Consequently, imposition of a hiring ban against Plaintiff in response to his messages is insufficient to state a claim for retaliation.

### iii. Eighth Amendment Claim

Plaintiff does not plausibly allege that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment prohibits state and federal governments from imposing unduly harsh penalties. *See* U.S. Const. amend. VIII. Plaintiff asserts that the "three-year employment ban" imposed against him by Defendants violates his Eighth Amendment constitutional right. (Doc. 9 at 3.) Accepting Plaintiff's allegations as true, the imposition of a hiring freeze for a short period, under the circumstances alleged, is not an excessive fine or penalty protected by the Eighth

Amendment.

### iv. Fourteenth Amendment Claim

Plaintiff does not state whether he is alleging a substantive due process violation or a procedural due process violation. To state a substantive due process claim, a plaintiff must sufficiently allege: (1) a "valid property interest" or "fundamental right" and (2) defendant infringed on that right by conduct that "shocks the conscience" or suggests a "gross abuse of governmental authority." *Leder v. Am. Traffic Sols., Inc.,* 81 F. Supp. 3d 211, 223 (E.D.N.Y.), aff'd, 630 F. App'x 61 (2d Cir. 2015). A procedural due process claim has two elements: (1) deprivation of a constitutionally protected liberty or property interest and (2) denial of adequate procedural protections. *See McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002); *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). For both substantive and procedural due process claims brought under the Fourteenth Amendment, a plaintiff must initially demonstrate the existence of a protectable property interest. *Paciulan v. George*, 229 F.3d 1226, 1230 (9th Cir. 2000). Here, Plaintiff's application for future employment is not a protected property interest. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

### v. Seventh Amendment Claim

The Seventh Amendment protects the right to a jury trial in civil cases involving more than $20. *See* U.S. Const. amend. VIII. Plaintiff states that his action "is brought for discrimination in employment pursuant to . . . 'possibly Amendment 7 (if Court finds there should be a jury trial).'" (Doc. 9 at 3.) Plaintiff does not plausibly allege that there has been a violation of his right to a jury trial. To the extent that Plaintiff wishes to request a jury trial in this matter, he must select the option "Yes" next to the statement "Jury Trial: (check one)" on the first page of his Complaint. (*See* Doc. 9 at 1.) If a request is made, and the case proceeds to trial, the matter will be heard by a jury.

### B. Leave to Amend

Dismissal with prejudice is appropriate where a litigant repeatedly fails to cure deficiencies and leave to amend would be futile, as well as prejudicial to the opposing parties. *See e.g., U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th

Cir. 2001); *Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 532 (9th Cir. 2008). Plaintiff was given an opportunity to amend his complaint so as to properly state a claim but failed to do so. In addition, in light of the allegations in Plaintiff's Amended Complaint, it appears that granting further leave to amend would be futile. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Amended Complaint (Doc. 9) is **dismissed** with prejudice.
2. The Clerk of the Court is directed to enter a judgment of dismissal and close this case.

Dated this 15th day of August, 2024.

Jennifer G. Zipps
United States District Judge